UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JUAN PUGA** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. _____** |
| | * | |
| **THE HASTINGS LAW FIRM, P.C., and** | * | **JUDGE:** |
| **TOMMY R. HASTINGS** | * | |
| | * | **MAGISTRATE:** |

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **Juan Puga**, a person of the full age of majority and resident of the Country of Mexico, who files this Complaint for Declaratory Judgment, averring upon information and belief as follows:

1.

The named defendants herein are:

**THE HASTINGS LAW FIRM, P.C.,** a law firm organized as a professional corporation under the laws of Texas and located at 25511 Budde Rd # 1402, The Woodlands, TX 77380-2093; and

**TOMMY R. HASTINGS,** a person of the full age of majority and resident of the State of Texas.

2.

This is an action for declaratory judgment pursuant to 28 USC 2201 and 2202, brought for the purpose of determining questions of law and fact in an actual controversy between the parties as hereinafter more fully appears.

3.

This Honorable Court has jurisdiction over this matter pursuant to its Diversity Jurisdiction, 28 USC 1332, as this is a controversy between citizens of different states.

4.

Venue is proper in accordance with 28 USC 1391(a).

5.

On or about September 24, 2008, petitioner, while in the employ of FLUID CRANE AND CONSTRUCTION, INC. (hereinafter "Fluid Crane") as a pipe welder, was injured off the coast of Louisiana while being transferred from the M/V INTERNATIONAL DISCOVERER, a vessel owned and operated by INTERNATIONAL MARINE, LLC. while being hoisted in a personnel basket to a lift boat known as the M/V MAHI MAHI, a vessel owned and operated by HERCULES OFFSHORE DRILLING COMPANY, L.L.C & HERCULES OFFSHORE, INC. (hereinafter, "Hercules").

6.

Within one week of the accident, petitioner was solicited by Defendants at his hospital room in Terrebonne Parish, State of Louisiana, and signed an attorney-client contract on October 1, 2008.

7.

At the time petitioner signed a contract with defendants, he was receiving LHWCA compensation benefits from Fluid Crane's LHWCA carrier in excess of $1,000 per week, and all of his medical treatment had been paid for by the LHWCA carrier.

8.

Even though petitioner resided in Louisiana at the time of the accident, and the accident happened in federal waters off the coast of Louisiana, shortly after being retained by petitioner, defendants elected to file a Jones Act suit, bearing docket number 49278 in the 239th Judicial District Court of Brazoria County, Texas (the "Brazoria County Action"), naming as the sole

defendant, Fluid Crane, an entity that had no exposure to liability as a consequence of its status as petitioner's employer and his non-seaman status.

9.

In the Brazoria County action, defendants asserted that petitioner was a Jones Act seaman, despite having no factual basis to support those allegations and, as a result, the LHWCA carrier for Fluid Crane promptly terminated petitioner's LHWCA compensation benefits, and began paying him maintenance at $15 per day. Because of defendants' baseless legal maneuvering, petitioner experienced severe financial hardship.

10.

Petitioner thereafter made several attempts to contact defendants to inquire why his LHWCA compensation benefits were terminated and, after receiving no reply from defendants, terminated defendants' representation of him in December of 2008.

11.

Petitioner subsequently retained undersigned counsel to represent him relative to the injuries at issue.

12.

Upon retaining undersigned counsel, petitioner promptly non-suited the Brazoria County Action, and filed a claim in the United States District Court for the Eastern District of Louisiana, bearing docket number 08-5243, against International Marine, LLC, the owner of the boat, and Hercules, the operators of the adjacent platform and the employers of the person operating the crane at the time of the accident (the "Federal Complaint"). Undersigned counsel also filed a claim with the Department of Labor against Fluid Crane and was successful in getting petitioner's LHWCA compensation benefits reinstated.

13.

Despite their knowledge of the underlying Federal Complaint filed herein, at no time did defendants attempt to intervene in said suit to assert their purported claim for attorney's fees.

14.

Defendants have subsequently filed a Petition against Hercules, in the 151st Judicial District Court of Harris County, Texas, bearing docket number 2010-78603 (hereinafter "Harris County claim"), seeking attorney's fees equal to 45% of the underlying settlement in the Federal Court action plus damages.

15.

As a result of various Hold Harmless and Indemnity clauses in petitioner's settlement with Hercules and defendants' irresponsible pursuit of attorney fees outside of the underlying Federal Court proceedings, petitioner is at risk of paying multiple attorneys' fees and incurring additional losses equal to the cost of defending the Harris County.

16.

Petitioner seeks a declaration from this Honorable Court that defendants were discharged for cause and that they are only entitled to a share of attorney fees based on *quantum meruit* in an amount less than the 45% attorney's fees plus damages sought in the Harris County claim.

17.

This matter is now ripe for declaratory relief because there are legitimate and actual disputes between the parties such that petitioner respectfully requests that this Honorable Court declare the rights and obligations of the parties with respect to the attorney-client agreement that once existed between the parties.

18.

Petitioner avers that the issues presented in this action will be best adjudicated by declaratory judgment, and that it is in the best interests of Juan Puga, the Hastings Law Firm and Tommy Hastings that their rights and duties with respect to the attorney-client agreement that once existed between the parties be decided by this Honorable Court.

**WHEREFORE,** petitioner, **Juan Puga**, prays that the named defendants be served with a certified copy of this Complaint For Declaratory Relief and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of petitioner, **Juan Puga**, and against defendants, **HASTINGS LAW FIRM, PC** and **TOMMY R. HASTINGS,** declaring the rights and duties with respect to the attorney-client agreement that once existed between the parties, including any attorneys' fees that defendants may be entitled to on a *quantum meruit* basis, together with all costs of these proceedings; and further, for any general and equitable relief which the court deems necessary and proper under the circumstances.

Respectfully submitted,

s/ Charles C. Bourque, Jr.
**CHARLES C. BOURQUE, JR. (#20118)**
**CHRISTOPHER J. ST. MARTIN (#26122)**
**JOSEPH G. JEVIC, III (#23145)**
ST. MARTIN & BOURQUE
P.O. Box 2017
Houma, Louisiana   70361
Telephone: (985) 876-3891
Attorneys for Petitioner

**SERVICE INFORMATION ON THE NEXT PAGE:**

**HASTINGS LAW FIRM, P.C.**
Through their registered agent for service of process:
Tommy R. Hastings
13240 Autum Ash Dr.
Conroe, TX 77302

**TOMMY R. HASTINGS**
13240 Autum Ash Dr.
Conroe, TX 77302