UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUAN PUGA                                                  CIVIL ACTION

VERSUS                                                     NO. 11-526

TOMMY R. HASTINGS, ET AL.                                  SECTION: "C" (4)

### ORDER

Before the Court is Defendants' Motion to Stay or Alternatively to Dismiss. (Rec. Doc. 13). Plaintiff opposes the motion. (Rec. Doc. 14). Having considered the record, the memoranda and argument of counsel, and the law, Defendants' motion to dismiss is GRANTED and Plaintiff's declaratory judgment action is therefore DISMISSED for the following reasons.

### I.  Background

On October 1, 2008, Plaintiff retained Defendants as his counsel regarding an injury he suffered while working offshore as a pipe welder. (Rec. Doc. 1 at 2). Shortly thereafter Defendants filed a lawsuit regarding Plaintiff's injury in the 239th Judicial District Court of Brazoria County, Texas. *Id.* After that suit was filed Plaintiff terminated Defendants and hired new counsel, who dismissed the Texas suit and filed a new action in this Court. *Id.* at 3. On April 21, 2010, the action filed in this Court settled. (Rec. Doc. 13-1 at 24). On December 1, 2010 Defendants filed suit in Houston, Texas seeking to recover the attorneys' fees that they claim they were entitled to under their contract with Plaintiff. (Rec. Doc. 13-1 at 2; *Hastings Law Firm v. Hercules Offshore Drilling Co., LLC, et al.*, 151st Judicial District Court of Harris County, Texas, bearing docket number 2010-78603). That case is still pending in Texas state court.

1

On March 4, 2011 Plaintiff filed the present declaratory judgment action in this Court. (Rec. Doc. 1). In his complaint Plaintiff seeks a judgment declaring that he terminated Defendants for cause, and therefore Defendants are only entitled to attorneys' fees on a *quantum meruit* basis. *Id.* at 4.

## II. Law and Analysis

In analyzing whether to decide or dismiss a declaratory judgment suit, a federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *The Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

First, the Court finds that the declaratory action in this case is justiciable, as there is an actual controversy between the parties. *Id.* Specifically, there is a dispute as to whether Defendants were terminated for cause or not. Second, the Court notes that a district court does not have "the authority to grant declaratory relief" if: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involves the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act. *Id.* at 388 n.1 (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir.1993)).

After considering these three factors, the Court determines that it does not have the authority to grant declaratory relief in this case. First, Defendants have filed a previous suit in Texas state court. (Rec. Doc. 13-2 at 24). Second, that suit also raises whether Defendants were terminated

2

with or without cause. *Id.* at 26. Third, none of the narrow exceptions to the Anti-Injunction Act allow this Court to enjoin the case pending in Texas state court. *Chick Kam Choo v. Exxon Corp.*, 468 U.S. 140, 146 (1988) (holding that the Anti-Injunction Act prohibits federal courts from enjoining state court proceedings unless (1) expressly authorized by an Act of Congress, (2) where necessary in aid of its jurisdiction, or (3) to protect or effectuate its judgments).

Even if this Court found that it did have the authority to grant declaratory relief in this case, it would decline to exercise its discretion to do so. Entertaining a declaratory judgment action is a matter for the district court's sound discretion. *Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 4 F.3d 401, 404 (5th Cir.1993). The Fifth Circuit identified certain factors to be considered by the district court in determining how to exercise its discretion in a declaratory action. Those factors include:

> (1) whether there is a pending state action in which all of the matters in controversy can be fully litigated;
> (2) whether the plaintiff filed in anticipation of a lawsuit by the defendant;
> (3) whether the plaintiff engaged in forum shopping;
> (4) whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or forum;
> (5) whether the federal court is a convenient forum for parties and witnesses;
> (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to construe state judicial decree involving the same parties and entered by the court before whom the parallel suit between the same parties is pending.

*The Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). These factors are neither exhaustive nor mandatory. *Granite State Insurance Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir. 1992), *cert. denied*, 506 U.S. 813 (1993). These factors address aspects of the proper allocation of decision making between state and federal law, fairness and efficiency. *Sherwin-Williams*, 343 F.3d at 390-392.

The above factors weigh in favor of dismissing the present declaratory injunction. There is a pending state court action where all of the disputes presented in this action could be determined. Moreover, "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams,* 343 F.3d at 391. Plaintiff only alleges issues of Texas state contract law, and those issues are before the Texas state court. (Rec. Doc. 1; Rec. Doc. 13-2 at 26). None of the remaining factors weigh in favor of retaining jurisdiction.

### III. Conclusion

Accordingly,

IT IS ORDERED that Defendants' motion is GRANTED and Plaintiff's complaint is DISMISSED. (Rec. Doc. 13).

New Orleans, Louisiana, this 27th day of May, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE