UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN PUGA | CIVIL ACTION |
| VERSUS | NO: 11-526 |
| THE HASTINGS LAW FIRM, P.C., and TOMMY R. HASTINGS | SECTION: "C" (4) |

**ORDER AND REASONS**[1]

Before the Court is a Motion for Reconsideration, filed by Plaintiff Juan Puga ("Puga"). (Rec. Doc. 23). Defendants The Hastings Law Firm, P.C., and Tommy R. Hastings (collectively referred to as "Hastings") oppose. (Rec. Doc. 24). Based on the record in this case, the memoranda by parties, and the applicable case law, Plaintiff's motion is DENIED in part and GRANTED in part for the following reasons. (Rec. Doc. 23).

**I. LAW AND ANALYSIS**

The facts of this case were set forth by the Court in its Order granting Defendant's Motion to Dismiss, and will not be repeated herein. (Rec. Doc. 21). Plaintiff seeks reconsideration of that Order. *Id.;* (Rec. Doc. 23). Alteration or amendment of a previous ruling under Federal Rules of Civil Procedure Rule 59(e) "calls into question the correctness of a judgment." *Tremplet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). This specific motion serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations

---

[1] Max Weiss, a second-year student at Tulane University Law School, assisted in preparing this Order.

omitted). As such, it must be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000) (Clement, J.).

In his declaratory judgment action, Puga sought a judgment declaring that he terminated Hastings for cause. (Rec. Doc. 21). In analyzing whether to decide or dismiss a declaratory judgement suit, a federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *The Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). Puga claims this Court committed manifest errors of law and fact in determining that a previously filed state court action precluded its authority to provide declaratory relief, since the state claim does not name Puga as a declaratory judgment plaintiff. (Rec. Doc. 23-1 at 2-3). Puga also claims this Court committed manifest errors of law and fact in its failure "to consider key facts in deciding that even if it had 'the authority to grant declaratory relief in this case, it would decline to do so.'" *Id.* at 3 (quoting Rec. Doc. 21 at 3). Namely, Puga claims that this Court failed to consider that Puga was not a named party in the previous state court action and erroneously concluded that the state court case involved the same issues of law. *Id.* Lastly, Puga claims this Court erred in dismissing the matter with prejudice, and rather, should have dismissed it without prejudice pursuant to Fifth Circuit jurisprudence. *Id.* (citing *Ill. Cent. R. Co. v. Bullock*, (181 F.2d 851, 853 (5th Cir. 1950)). This Court disagrees.

For the first two issues regarding the elements of a federal court's dismissal of a declaratory judgement action, Puga fails to raise any new issue of fact or law, let alone error that would meet the "manifest error" threshold. *Waltman*, 875 F.2d at 473; *Sherwin-Williams*, 343 F.3d at 387. The

issue of whether this Court has the authority to grant declaratory relief as it pertains to the previous state court action had been briefed by both parties prior to the May 31, 2011 Order. (Rec. Docs. 12; 13-1); (Rec. Doc. 21). This Court found, as it does now, that the state court action was sufficiently similar and parallel to preclude federal declaratory relief. (Rec. Doc. 21). Even if the two proceedings were not sufficiently parallel, the lack of a parallel relationship in the proceedings does not require that a federal district court decide the declaratory judgment action. *Sherwin-Williams,* 343 F.3d at 394.

As to the issue of whether this Court exercised its proper discretion to decide or dismiss the action, such an entertainment is a matter for the district court's sound discretion. *Odeco Oil and Gas Co., Drilling Div. v. Bonnette,* 4 F.3d 401, 401 (5th Cir. 1993). The Fifth Circuit identified certain factors to be considered by the district court, which this Court considered in its Order, in determining how to exercise its discretion in a declaratory action. *Sherman-Williams Co.*, 343 F.3d at 389 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994)); (Rec. Doc. 21 at 3). These factors are neither exhaustive nor mandatory. *Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir. 1992). Of the enumerated factors, the first is "whether there is a pending state action in which all of the matters in controversy can be fully litigated." *Sherman-Williams Co.*, 343 F.3d at 389 (citing *St. Paul,* 39 F.3d at 590-591). "[I]f the federal declaratory judgement action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." (Rec. Doc. 21 at 4) (citing *Sherman Williams*, 343 F.3d at 391). This Court determined that there indeed was a pending state court action where all of the disputes presented in the federal action could be determined and that Puga only alleged issues of state contract law which

were already before the state court. (Rec. Docs. 1; 13-2 at 26; 21 at 4). Regardless of this one factor enumerated under *Sherman-Williams*, this Court further found that none of the remaining factors weighed in favor of retaining jurisdiction. *Id.*; *Sherman-Williams*, 343 F.3d at 389. As stated above, entertaining a declaratory judgment action is a matter for the district court's sound discretion. *Odeco*, 4 F.3d at 404.

Lastly, this Court agrees that according to Fifth Circuit jurisprudence, upon finding it lacks jurisdiction over a declaratory judgment action or declining to exercise jurisdiction, a court should dismiss the matter without prejudice on the merits. *Ill. Cent. R. Co.,* 181 F.2d at, 853; *Western Assur. Co. v. Simmons*, 189 F.2d 112, 115 (5th Cir. 1951). This Court's Order declined to exercise jurisdiction over a declaratory judgment action, and the dismissal did not pertain to the cause on its merits. (Rec. Doc. 21). Therefore, the Judgment shall be reformed to read "dismissed without prejudice to the rights of the parties to fully try out in the first filed suit all the controversies and issues between them." *Western*, 189 F.2d at 115; (Rec. Doc. 22).

Because Plaintiff fails to present new evidence, intervening changes in controlling law, or manifest errors of law or fact regarding the Court's authority to provide declaratory relief as well as its discretion to dismiss the action , Plaintiff's Motion for Reconsideration regarding these two issues is insufficient to merit relief under Rule 59(e). (Rec. Doc. 23); *Waltman*, 875 F.2d at 473. Plaintiff's request that the dismissal be without prejudice on the merits, is granted. (Rec. Doc. 23).

## II. CONCLUSION

. Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration (Rec. Doc. 23) is DENIED in part and GRANTED in part. The Motion is DENIED with respect to the claims involving the Court's authority to provide declaratory relief and its discretion to dismiss the action, and GRANTED with respect to the claim that dismissal be without prejudice on the merits.

. New Orleans, Louisiana, this 3rd day of August, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**